**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter James Little,<br><br>Plaintiff,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>Defendants. | No. CV-12-2512-PHX-FJM (LOA)<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint and Motion for the Appointment of Counsel. (Docs. 25, 27)

**I. Background**

Plaintiff, a frequent filer of prisoner lawsuits,[1] initiated this action by filing a Civil Rights Complaint by a Prisoner on November 26, 2012. (Doc. 1) Upon screening the Complaint pursuant to 28 U.S.C. § 1915A(a), the assigned District Judge dismissed Counts I, II, III, V and part of Count IV. (Doc. 8 at 18) The only claim for which the District Judge ordered an answer was a takings claim in Count IV of the Complaint against two defendants. (*Id.*) Plaintiff's Motion for Reconsideration of Court's Screening Order, doc. 9, was denied on April 10, 2013. (Doc. 16) Defendants filed their Answer on May 20, 2013. (Doc. 19)  The Court issued a Scheduling and Discovery Order on May 24, 2013, and discovery is ongoing. (Doc. 21)

---

[1] Plaintiff has filed two other *pro se* non-habeas, Section 1983 lawsuits since 2011: CV-11-602-PHX-FJM (LOA) and CV-11-781-PHX-FJM (LOA).

1  In the first Motion, Plaintiff seeks leave to amend the Complaint by re-asserting the claims that were dismissed in the screening order. (Doc. 25 at 1-2) Plaintiff contends he "conformed his amended complaint according to the standards that the court used to say plaintiff failed to state a claim." (*Id.* at 2)

**II. Amendment of Pleadings**

Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 15(a) provides that a party has the right to amend his "pleading *once* as a matter of course at any time before a responsive pleading is served." Fed.R.Civ.P. 15(a) (emphasis added). Rule 15(a)(2), Fed.R.Civ.P., however, provides that a plaintiff may amend his complaint again "only with the opposing party's written consent or the court's leave." Defendants have not given their written consent to amend, so the Court must decide whether to allow Plaintiff to amend. Rule 15(a)(2) also provides that courts "should freely grant leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2).

The Rules of Practice for the District Court of Arizona ("Local Rules" or "LRCiv") supplement, and must be consistent with, the Federal Rules of Civil Procedure. *See* Rule 83(a)(1), Fed.R.Civ.P. A district court's local rules are not petty requirements, but have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, ___, 130 S.Ct. 705, 710 (2010) (citation omitted). They "are binding upon the parties and upon the court, and a departure from local rules that affects substantial rights requires reversal." *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (internal quotation marks omitted). The District Court of Arizona routinely denies amendment motions for failure to comply with LRCiv 15.1(a). *See e.g., Bivins v. Ryan*, 2013 WL 321847, at *4 (D. Ariz. Jan. 28, 2013); *J-Hanna v. Tucson Dodge Inc.*, 2012 WL 1957832, at *1 (D. Ariz. May 31, 2012); *Huminski v. Heretia*, 2011 WL 2910536, at *1 (D. Ariz. July 18, 2011). "Anyone appearing before the court is bound by these Local Rules[,] including "[p]arties not represented by an attorney unless the context requires otherwise." LRCiv 83.3(c)(1).

Local Rule 15.1(a) governs the amendment of pleadings by motion, and provides in pertinent part:

A party who moves for leave to amend a pleading must attach a copy of the

- 2 -

>proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the test to be deleted and underlining the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

LRCiv 15.1(a). Here, although Plaintiff has attached a proposed First Amended Complaint to his Motion to Amend, the proposed amended pleading fails to "indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." *Id.* In view of Plaintiff's failure to comply with Rule 15.1(a), the Court will deny the Motion to Amend.

**III. Appointment of Counsel**

Plaintiff requests the Court appoint counsel to represent him in this Section 1983 action because he "is unable to afford counsel," the issues involved "are complex," there is limited access to legal authorities in the Arizona prison system, he has contacted four attorneys and none of them would take his case, and he "has limited knowledge of the law." (Doc. 27)

There is no constitutional right to appointment of counsel in a civil case. *Johnson v. U.S. Dep't. of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). Appointment of counsel in a civil rights case is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). In determining whether to appoint counsel, the court must evaluate both the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims claims, *pro se*, in view of their complexity. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

At this point in this litigation, Plaintiff has not demonstrated a likelihood of success on the merits, nor has he shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. Plaintiff has not shown that he has had difficulty in articulating his case or position as shown by this most recent motion and the two years of litigation since he commenced this matter. The Court will deny Plaintiff's motion to appoint counsel because no exceptional circumstances exist in this case. The Court may revisit this issue, if appropriate, at a later date.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint, doc. 25, is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Enhance Page Limits for First Amended Complaint, doc. 26, is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the Appointment of Counsel, doc. 27, is **DENIED** without prejudice

DATED this 3rd day of September, 2013.

Lawrence O. Anderson
United States Magistrate Judge