**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter James Little,                     ) | No. CV-12-2512-PHX-FJM (LOA) |
|                       Plaintiff,        ) | **ORDER** |
| vs.                                     ) | |
| Charles L. Ryan, et al.,                ) | |
|                       Defendants.       ) | |

This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint, Plaintiff's Motion to Enhance Page Limits for First Amended Complaint, and Plaintiff's Motion for Extension of Time or Stay of Summary Judgment. (Docs. 39, 40 and 47) Defendants have filed a "Notice of No Response to Plaintiff's Motion for Leave to File First Amended Complaint" and a "Notice of No Response to Plaintiff's Motion for Extension or Stay of Motion for Summary Judgment." (Docs. 48, 49)[1]

---

[1] Defendants' "Notices of No Response" are not proper responses to Plaintiff's motions. The Notices state Defendants will not respond to Plaintiff's motions "unless ordered to do so by the Court," because, according to Defendants, the motions do not "appear to warrant a response." (Docs. 48, 49) Local Rule of Civil Procedure ("LRCiv") 7.2(c) requires the opposing party to file a response to a motion. Unlike a reply, the response is not discretionary. *See* LRCiv 7.2(d) (providing that the moving party may file a reply "if that party so desires") It is not the Court's responsibility to order the opposing party to file a response. If Defendants do not oppose the relief requested by Plaintiff in a given motion, their response should so indicate. To simply conclude, however, that a motion does not "appear to warrant a response" is not a determination Defendants are authorized to make. *See* LRCiv 7.2(c)

## I. Background

Plaintiff, a frequent filer of prisoner lawsuits,[2] initiated this action by filing a Civil Rights Complaint by a Prisoner on November 26, 2012. (Doc. 1) Upon screening the Complaint pursuant to 28 U.S.C. § 1915A(a), the assigned District Judge dismissed Counts I, II, III, V and part of Count IV. (Doc. 8 at 18) The only claim for which the District Judge ordered an answer was a takings claim in Count IV of the Complaint against two defendants. (*Id.*) Plaintiff subsequently filed a Motion for Reconsideration of Court's Screening Order, doc. 9, which the District Judge denied on April 10, 2013. (Doc. 16) Plaintiff also filed a Notice of Interlocutory Appeal to the Ninth Circuit Court of Appeals, challenging the screening order. (Doc. 11) The appeal was dismissed for lack of jurisdiction on April 24, 2013. (Doc. 20-1) Defendants filed their Answer on May 20, 2013. (Doc. 19)  The undersigned Magistrate Judge issued a Scheduling and Discovery Order on May 24, 2013, and discovery is ongoing. (Doc. 21)

## II. Motion for Leave to Amend

For the second time, Plaintiff seeks leave to amend the Complaint by re-asserting the claims that were dismissed in the screening order. (Doc. 39 at 1-2) Plaintiff claims he has amended the Complaint to "conform with the standards that the court uses to say plaintiff failed to state a claim on all counts which were dismissed by the court." (*Id.* at 2) Plaintiff further contends he has complied with the applicable Local Rules. (*Id.*)

Federal Rule of Civil Procedure 15(a)(1) provides, in relevant part, that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it or (B) . . . 21 days after service of a responsive pleading." Rule 15(a)(2), Fed.R.Civ.P., however, provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Here, as noted above, Defendants filed their Answer on May 20, 2013.  (Doc. 19)  The instant Motion for Leave to Amend was filed on September 23, 2013, more than 21 days after Defendants filed and served their Answer.  Moreover, Defendants have

---

[2] Plaintiff has filed two other *pro se* non-habeas, Section 1983 lawsuits since 2011: CV-11-602-PHX-FJM (LOA) and CV-11-781-PHX-FJM (LOA).

- 2 -

not given their written consent to amend. Thus, the Court must decide whether to grant Plaintiff leave to amend. Rule 15(a)(2) also provides that courts "should freely grant leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2).

The Rules of Practice for the District Court of Arizona ("Local Rules" or "LRCiv") supplement, and must be consistent with, the Federal Rules of Civil Procedure. *See* Rule 83(a)(1), Fed.R.Civ.P. A district court's local rules are not petty requirements, but have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, ___, 130 S.Ct. 705, 710 (2010) (citation omitted). They "are binding upon the parties and upon the court, and a departure from local rules that affects substantial rights requires reversal." *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (internal quotation marks omitted). The District Court of Arizona routinely denies amendment motions for failure to comply with LRCiv 15.1(a). *See e.g., Bivins v. Ryan*, 2013 WL 321847, at *4 (D. Ariz. Jan. 28, 2013); *J-Hanna v. Tucson Dodge Inc.*, 2012 WL 1957832, at *1 (D. Ariz. May 31, 2012); *Huminski v. Heretia*, 2011 WL 2910536, at *1 (D. Ariz. July 18, 2011). "Anyone appearing before the court is bound by these Local Rules[,] including "[p]arties not represented by an attorney unless the context requires otherwise." LRCiv 83.3(c)(1).

Local Rule 15.1(a) governs the amendment of pleadings by motion, and provides in pertinent part:

> A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the test to be deleted and underlining the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

LRCiv 15.1(a).

Here, Plaintiff attaches to his motion a copy of the Original Complaint in which he has lined through every sentence of all five counts. He has also attached a copy of the proposed First Amended Complaint in which he underlines every sentence of all five counts.[3] As LRCiv 15.1(a) indicates, the purpose of striking through the text to be deleted and underlining the text

---

[3] Plaintiff also attaches a clean copy of the proposed First Amended Complaint.

- 3 -

to be added is to demonstrate in what respect the amended pleading differs from the pleading it amends. Plaintiff's line-outs and underlines, however, serve no such purpose. By lining out the entire Original Complaint and underlining the entire First Amended Complaint, Plaintiff suggests everything in the First Amended Complaint is different from the Original Complaint. Upon review, however, that is clearly not the case. For example, in one of the first lines of Count One of the Original Complaint, Plaintiff asserts, "Grievances filed through an official grievance procedure are constitutionally protected." Likewise, in one of the first lines of Count One of the First Amended Complaint, Plaintiff makes the exact same assertion. Because that line has not been deleted from, or newly added to, the First Amended Complaint, it should neither be lined through nor underlined. *See* LRCiv 15.1(a). It appears Plaintiff simply did not want to do the work of accurately indicating to the Court how the amended pleading differs from the pleading which it amends. Instead, he simply lined through everything in the Original Complaint and underlined everything in the First Amended Complaint, thus failing to indicate how they differ. For these reasons, the Court finds Plaintiff has failed to comply with LRCiv 15.1(a). As a result, the Motion for Leave to Amend will be denied.

**III. Motion to Exceed Page Limit**

In his Motion to Exceed the Page Limit, Plaintiff requests that his First Amended Complaint be permitted to exceed the number of pages set forth in the court-approved form complaint for prisoner civil rights cases. The Court's denial of Plaintiff's Motion for Leave to Amend, however, has rendered moot the Motion to Exceed the Page Limit. Accordingly, the motion will be denied as moot.

**IV. Motion for Extension of Time or Stay of Summary Judgment**

Lastly, Plaintiff requests an extension of time to respond to, or a stay of, Defendants' Motion for Summary Judgment, doc. 41, until Defendants respond to his Request for Admissions. Plaintiff contends the information sought in his Request for Admissions is relevant to his summary judgment response.

Four days after Defendants filed their Motion for Summary Judgment, the Court issued an Order, doc. 45, granting Plaintiff until October 29, 2013, to file his response to the

- 4 -

summary judgment motion. It appears Plaintiff may not have received that Order before filing the instant motion because he prepared the instant motion on September 29, 2013, and it was filed on October 3, 2013. (Doc. 47) Plaintiff then filed his Response in Opposition to Defendants' Motion for Summary Judgment on October 24, 2013. (Doc. 50) Soon thereafter, on October 29, 2013, Defendants served their Responses to Plaintiff's Request for Admissions. (Doc. 53) In the Response in Opposition, Plaintiff made no mention of the responses to the requests for admissions. Plaintiff has also failed to seek leave to supplement his Response in Opposition since receiving the responses to the request for admissions. For these reasons, the Court considers Plaintiff's Motion for Extension of Time to be moot. Under these circumstances, an extension of time or a stay is unnecessary. The motion will, therefore, be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint, doc. 39, is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Enhance Page Limits for First Amended Complaint, doc. 40, and Plaintiff's Motion for Extension of Time or Stay of Summary Judgment, doc. 47, are **DENIED** as moot.

DATED this 15th day of November, 2013.

_____
Lawrence O. Anderson
United States Magistrate Judge