1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Peter James Little,                          )    No. CV-12-2512-PHX-FJM (LOA)
                                                  )
10             Plaintiff,                         )    **ORDER**
                                                  )
11  vs.                                           )
                                                  )
12  Charles L. Ryan, et al.,                      )
                                                  )
13             Defendants.                        )
                                                  )
14  _____      )

15        This matter is before the Court on Plaintiff's Motion for Leave to File an Amended

16  Complaint and Plaintiff's Motion to Enhance Page Limits for First Amended Complaint. (Docs.

17  63, 64)  Defendants have filed a "Notice of No Response to Plaintiff's Motion for Leave to File

18  First Amended Complaint" (Doc. 66)

19        Despite the Court's warning in a footnote in its November 15, 2013 Order, doc. 55, that

20  a "Notice of No Response" is not proper response to a motion, Michael J. Hrnicek, Assistant

21  Arizona Attorney General, has filed another one. The Notice states Defendants will not respond

22  to the motion to amend "unless ordered to do so by the Court," because, according to

23  Defendants, the motion does not "appear to warrant a response." (Doc. 66) Rule of Practice for

24  the District Court of Arizona ("Local Rule" or "LRCiv") 7.2(c) requires the opposing party to

25  file a response to a motion. *See* LRCiv 7.2(c) (providing that "[t]he opposing party *shall*, unless

26  otherwise ordered by the Court . . . file a responsive memorandum.") (emphasis added). Unlike

27  a reply, the response is not discretionary. *See* LRCiv 7.2(d) (providing that the moving party

28  may file a reply "if that party so desires").  It is not the District Court's responsibility to order

the opposing party to file a response. If Defendants do not oppose the relief requested by Plaintiff in a given motion, their response should so indicate. To simply conclude, however, that a motion does not "appear to warrant a response" is not a determination that Defendants are authorized to make. *See* LRCiv 7.2(c). If Mr. Hrnicek files a similar Notice of No Response in this or any other case assigned to this Magistrate Judge, sanctions will be imposed on him personally.

**I. Background**

Plaintiff initiated this action by filing a Civil Rights Complaint by a Prisoner on November 26, 2012. (Doc. 1)  Upon screening the Complaint pursuant to 28 U.S.C. § 1915A(a), the assigned District Judge dismissed Counts I, II, III, V and part of Count IV. (Doc. 8 at 18) The only claim for which the District Judge ordered an answer was a takings claim in Count IV of the Complaint against two defendants. (*Id.*) Plaintiff subsequently filed a Motion for Reconsideration of Court's Screening Order, doc. 9, which the District Judge denied on April 10, 2013. (Doc. 16) Plaintiff also filed a Notice of Interlocutory Appeal to the Ninth Circuit Court of Appeals, challenging the screening order. (Doc. 11)  The appeal was dismissed for lack of jurisdiction on April 24, 2013. (Doc. 20-1) Defendants filed their Answer on May 20, 2013. (Doc. 19)  The undersigned Magistrate Judge issued a Scheduling and Discovery Order on May 24, 2013. (Doc. 21)  That Order set a firm deadline of September 23, 2013 for motions to amend pleadings. (*Id*)

**II. Motion for Leave to Amend**

For the third time, Plaintiff seeks leave to amend the Complaint by re-asserting the claims that were dismissed in the screening order. (Doc. 63 at 1-2) Plaintiff claims he has amended the Complaint to "conform with the standards that the court uses to say plaintiff failed to state a claim on all counts which were dismissed by the court." (*Id.* at 2) Plaintiff further contends he has complied with the applicable Local Rules. (*Id.*) The Court denied Plaintiff's first two motions for leave to amend because they failed to comply with LRCiv 15.1(a).[1] (Docs.

---

[1] Civil Local Rule 15.1(a) provides in pertinent part: "A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the

36, 55)

## A. Legal Standards

Federal Rule of Civil Procedure 15(a), which governs the amendment of civil complaints, provides that "leave [to amend a pleading] shall be freely given when justice so requires." "In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A district court need not prolong litigation by permitting further amendment where such amendment would be futile. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002). Granting or denying a motion to amend is a matter within the district court's discretion. *See, e.g., Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010); *Chappel v. Laboratory Corp. of Amer.*, 232 F.3d 719, 725 (9th Cir. 2000).

When a party seeks leave to amend a complaint after a pretrial scheduling order has been entered pursuant to Rule 16(b)(1), Fed.R.Civ.P., and after the designated deadline for amending pleadings has passed, the party must first make a showing of "good cause" under Rule 16(b)(4).[2] *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) ("A party seeking to amend a pleading after the date specified in the scheduling order must first show good cause for amendment under Rule 16, then if good cause be shown, the party must demonstrate that amendment was proper under Rule 15.") (citation and internal quotation marks omitted). When seeking leave to amend after the deadline imposed by the scheduling order, a party cannot "appeal to the liberal amendment procedures afforded by Rule 15; his tardy motion [has] to

_____

motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added."

[2] Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule [established pursuant to a Rule 16(b)(1) scheduling order] may be modified only for good cause and with the judge's consent."

satisfy the *more stringent* 'good cause' showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 965, 952 (9th Cir. 2006) (emphasis in original). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to impose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.

For purposes of Federal Rule of Civil Procedure 16(b)(4), "good cause" means the scheduling deadlines cannot be met despite the party's diligence. *Id.* (citing 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990)). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted).

A district court may deny as untimely an amendment motion filed after the scheduling order's cut-off date where no request to modify the order has been made. *See Johnson*, 975 F.2d at 608-09 (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985)) (concluding that district courts may deny as untimely a motion filed after the motion cut-off date established in the scheduling order where no request to modify the order has been made).

**B. Analysis**

Here, because the scheduling order established a September 23, 2013 deadline for seeking leave to amend a pleading, doc. 21 at 2, Plaintiff's untimely request to amend his complaint is governed by the "good cause" standard in Rule 16(b)(4). Plaintiff acknowledges in his motion that the deadline in the scheduling order has passed. He argues, however, that his previous attempts were timely, the defendants are not prejudiced by his untimely motion, he has been diligent, and there is no bad faith or dilatory motive on his part. (Doc. 63 at 2)  Plaintiff has not requested a modification of the scheduling order.

The Court finds that Plaintiff has failed to demonstrate good cause to support his

untimely third motion to amend. In the September 3, 2013 Order, doc. 36, denying Plaintiff's first motion for leave to amend, the Court explained the basis for its denial. Specifically, the Court quoted LRCiv 15.1(a) and wrote that Plaintiff failed to comply by indicating it what respect the proposed amended pleading differed from the pleading which it was intended to amend. At that point, Plaintiff still had twenty days before the deadline passed to submit a new motion to amend that complied with the Local Rules. Plaintiff then submitted a timely second motion for leave to amend, filing it on the deadline of September 23, 2013. (Doc. 39) Plaintiff's second motion, however, suffered from the same flaw as the first. Plaintiff again failed to properly indicate how the proposed amended pleading differed from the pleading which it was intended to amend. (Doc. 55 at 3-4)

The instant motion was filed almost three months after the motion to amend deadline, more than a month after the discovery deadline, and nearly three months after Defendants filed a Motion for Summary Judgment, doc. 41, that is now fully briefed and pending before the assigned District Judge. Plaintiff had two previous opportunities to file a timely motion for leave to amend that complied with the Local Rules, but he failed to do so. Accordingly, the Court finds Plaintiff has failed to show the applicable deadline could not have been met despite the exercise of due diligence. Because he has failed to satisfy the "good cause" standard in Rule 16(b)(4), Fed.R.Civ.P., the motion to amend will be denied.

**III. Motion to Enhance Page Limit**

In his Motion to Enhance the Page Limit, Plaintiff requests that his First Amended Complaint be permitted to exceed the number of pages set forth in the court-approved form complaint for prisoner civil rights cases. The Court's denial of Plaintiff's Motion for Leave to File an Amended Complaint, however, has rendered this motion moot. As a result, the motion will be denied as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint, doc. 63, is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Enhance Page Limits for

First Amended Complaint, doc. 64, is **DENIED** as moot.

DATED this 20th day of February, 2014.

Lawrence O. Anderson
United States Magistrate Judge